UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MILDRED C. BOIRE,

                         Plaintiff,

v.                                            **DECISION AND ORDER**
                                                           06-CV-399S

MICHAEL J. ASTRUE,[1]
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

---

1. Plaintiff Mildred C. Boire challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since January 1, 2004, due to back pain, bronchitis, high blood pressure, and tendonitis. Plaintiff contends that her impairments render her unable to work. She therefore asserts that she is entitled to disability benefits under the Act.

2. On September 19, 2005, the ALJ denied Plaintiff's application for social security benefits. Plaintiff exhausted her administrative remedies[2] and filed the instant action on June 16, 2006, challenging the ALJ's decision. Defendant subsequently moved for Judgment on the Pleadings on November 30, 2006. After full briefing, this Court deemed oral argument unnecessary and took the motion under advisement on September

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 2, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on April 27, 2006.

14, 2007.  For the following reasons, Defendant's motion is denied.

3.   A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4.   "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the

[Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

     5.    The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

     6.    This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since January 1, 2004 (R. at 14); (2) Plaintiff's impairments are considered "severe" impairments within the meaning of the Act (R. at 14); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 16); (4) Plaintiff has the residual functional capacity to perform work activity with certain restrictions[3] (R. at 16); and (5) Plaintiff is able to perform her past relevant work (R. at 17).

9.      Plaintiff advances a number of challenges to the ALJ's decision, one of which is persuasive.  Plaintiff contends that the ALJ improperly relied on the opinion testimony of Ann Gold because she is not a medical doctor.  (Plaintiff's Mem. at 5).

In the ALJ's decision, the ALJ wrote the following:

---

[3] In particular, the ALJ found that: "Claimant has the residual functional capacity to sit and stand/walk for 6 hours in an 8-hour workday; lift/carry up to 10 pounds frequently and 20 pounds occasionally; push/pull on an unlimited basis; and occasionally climb, balance, stoop, kneel, crouch, and crawl."  (R. at 16).

> "As for the opinion evidence, *great weight* has been given to the assessment submitted by Ann Gold, *M.D.*, the *medical expert* who reviewed all evidence of record on May 25, 2004 at the request of the State Agency, and found that the claimant is capable of sitting and standing/walking for 6 hours in an 8-hour work day; lifting/carrying up to 10 pounds frequently and 20 pounds occasionally; pushing/pulling on an unlimited basis; and occasionally climbing, balancing, stooping, kneeling, crouching, and crawling."

(R. at 16-17 (emphasis added)).

Ann Gold completed a "Physical Residual Functional Capacity Assessment" for Plaintiff on June 25, 2005. (R. at 130-35). In this assessment, Ms. Gold does not identify herself as a physician, but rather, an "analyst." (R. at 135). Ms. Gold goes so far as to cross out the title "medical consultant" on the signature line, and write "analyst" in its place. (R. at 135). Based on this record, this Court finds that the ALJ erred in relying on Ms. Gold's opinion as expert medical testimony.

Because the ALJ placed "great weight" on Ms. Gold's assessment as a medical expert, it is unclear what the ALJ's determination would have been concerning Plaintiff's residual functional capacity but for this factual error. Accordingly, this Court finds that Plaintiff's claim should be remanded to the Commissioner for further proceedings.

10.   On remand, the ALJ should determine what weight, if any, should be placed on Ms. Gold's determination, and then reassess Plaintiff's residual functional capacity accordingly.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: September 26, 2007
       Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge